UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAMARA LACHNEY                                          CIVIL ACTION

VS.                                                     NO. 2:18-CV-05633

METROPOLITAN LIFE INSURANCE COMPANY

**COMPLAINT**

The Complaint of Tamara Lachney respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. **Plaintiff, Tamara Lachney**, of lawful age and a resident of Pineville, Louisiana, is a plan participant and beneficiary of an ERISA plan created by her employer, International Business Machines Corporation ("IBM") and an insured participant of a group disability policy issued by Metropolitan Life Insurance Company.

4. **Defendant, Metropolitan Life Insurance Company ("MetLife")**, is a foreign corporation, doing business in Louisiana. Upon information and belief, MetLife is incorporated in New York, New York, and its principal place of business is in the state of New York.

5. MetLife issued a group long term disability policy insuring the employees of IBM. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries.  29 USC Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job on a fulltime basis.

8. Plaintiff is disabled under the terms of the disability policy issued by MetLife.

9. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

10. MetLife unlawfully denied Plaintiff benefits she is entitled to under terms of the disability policy.

11. Plaintiff appealed the denial, but MetLife upheld its previous decision.

12. MetLife's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

13. Plaintiff has exhausted her administrative remedies and now files this suit to reverse MetLife's denial of benefits.

14. MetLife has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

15. MetLife has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

16. MetLife has abused its discretion by failing to consider her medical condition in relation to the actual duties of her occupation.

17. MetLife administered Plaintiff's claim with an inherent and structural conflict of interest as MetLife is liable to pay benefits from its own assets to Plaintiff, and each payment depletes MetLife's assets.

18. MetLife has failed to give the policy and Plan a uniform construction and interpretation.

19. MetLife chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

20. As a routine business practice, MetLife uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

21. MetLife's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

22. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

23. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

24. Defendants' denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

25. Alternatively, this claim is not governed by ERISA because Plaintiff's disability policy was part of a non-ERISA plan, so Plaintiff's disability claims are governed by Louisiana law.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Reagan L. Toledano (La. 29687)
James F. Willeford (La. 13485)
WILLEFORD & TOLEDANO
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
Ph: (504) 582-1286
Fax: (313)692-5927
rtoledano@willefordlaw.com